Kevin T. Cauley, Esq. (SBN 105082)
kevin@sscelaw.com
**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**
101 West Broadway, Suite 810
San Diego, California 92101
Telephone:  (619) 236-8821
Facsimile:  (619) 236-8827

Attorneys for Plaintiff
PGC CONSTRUCTION, INC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of:<br><br>PGC CONSTRUCTION, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAL INVESTMENT CORPORATION, a California corporation dba SILVERSTRAND CONSTRUCTION a division of RAL INVESTMENT CORPORATION also dba SILVERSTRAND SPECIALTIES; THE HANOVER INSURANCE COMPANY, a New Hampshire corporation; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES ON BREACH OF CONTRACT; FOR RECOVERY OF MILLER ACT PAYMENT BOND (40 U.S.C. § 3133); AND FOR QUANTUM MERUIT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, UNITED STATES OF AMERICA, for the Use and Benefit of, PGC CONSTRUCTION, INC. complains and alleges as follows:

## **JURISDICTION**

1.    Jurisdiction is proper in this Court as this case presents a Federal Question arising under 40 U.S.C. § 3131 *et seq.* ("Miller Act"). The Court has

---

1

COMPLAINT FOR DAMAGES

1  supplemental jurisdiction over the State law claims alleged in this Complaint
2  pursuant to 28 U.S.C. § 1367.

3      2.     Venue in this Court is proper as the Federal Public Works project in
4  which the contract was performed is located in this District.  40 U.S.C. § 3131(3)(B).

5                                    **PARTIES**

6      3.     At all times relevant herein, Plaintiff, UNITED STATES OF
7  AMERICA, for the Use and Benefit of, PGC CONSTRUCTION, INC. ("Use-
8  Plaintiff"), was and now is a corporation duly organized and existing under the laws
9  of the State of California, doing business and having its principal place of business
10 in the County of San Diego, State of California.

11     4.     At all times relevant herein, Defendant RAL INVESTMENT
12 CORPORATION,     a   California   corporation   dba   SILVERSTRAND
13 CONSTRUCTION a division of RAL INVESTMENT CORPORATION also dba
14 SILVERSTRAND SPECIALTIES ("RAL") was and now is a California corporation
15 but doing business in and authorized to do business for the United States of America
16 as a general contractor on federal public works projects. Use-Plaintiff is informed
17 and believes and thereon alleges that RAL has its principal place of business in the
18 County of San Diego, State of California.

19     5.     At all times relevant herein, Defendant THE HANOVER INSURANCE
20 COMPANY ("HANOVER") was and now is a New Hampshire corporation
21 authorized to and doing business in the State of California as a surety issuing bonds
22 required by law or contract by the United States and various agencies within the
23 jurisdiction of this Court, and is the Miller Act payment bond surety for Defendant
24 RAL in this case. Use-Plaintiff is informed and believes and thereon alleges that
25 HANOVER is doing business in the County of San Diego, State of California.

26     6.     Use-Plaintiff is informed and believes that Defendant RAL and DOES
27 1-25, as general contractor, entered into a contract with the Army and Air Force

28

_____

COMPLAINT FOR DAMAGES

Exchange Service ("Exchange Service"), property owner, to perform work at the Express Gas Station, located at Fort Irwin, California ("the PROJECT").

7.     Use-Plaintiff is informed and believes and thereon alleges that under 40 U.S.C. § 3131 *et seq.*, Defendant RAL and DOES 1-25, as principal, and Defendant HANOVER and DOES 26-50, as surety, executed and delivered a Miller Act payment bond (Bond No. 1975474) to the United States, whereby said Defendants bound themselves jointly and severally for the purpose of allowing a joint action or actions against any or all of them and bound themselves in a sum of money equal to the contract price.

8.     Use-Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by fictitious names. Their true names and capacities will be alleged by amendment when the same are known. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused damages proximately thereby to Plaintiff.

9.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants herein, including those fictitiously named, were the agents, representatives, employees, partners, joint venturers, or sureties of the other, or otherwise acting on behalf of the other, and in doing the things hereinafter alleged, were acting within the course and scope of their authorities of said agency, employee, partnership, venture, or suretyship of the other, with the full knowledge, permission, consent, or ratification of the other.

10.    Plaintiff is informed and believes and thereon alleges that all times herein mentioned each defendant was completely dominated and controlled by their co-defendants, including those fictitiously named, and each was the alter ego of the other. Whenever and wherever reference is made in this complaint to any conduct by

3

COMPLAINT FOR DAMAGES

defendant or defendants, such allegations and references shall also be deemed to have been the conduct of each defendant, acting individually, jointly, or severally.

## FIRST CAUSE OF ACTION

### (Breach of Contract against RAL and DOES 1-25)

11.    Use-Plaintiff herein incorporates by reference paragraphs 1 through 10 of the Complaint.

12.    On or about July 18, 2022, Defendant RAL and DOES 1-25 entered into a written subcontract with Use-Plaintiff to perform certain work at the PROJECT. Under the terms of that agreement, Use-Plaintiff was required to provide labor, materials, services, and equipment for Architectural Metals work at the PROJECT. The agreement required RAL and DOES 1-25 to pay Use-Plaintiff for such labor, materials, services, and equipment in accordance with the established contract price. A true and correct copy of the subcontractor agreement is attached hereto as Exhibit "A".

13.    Use-Plaintiff furnished labor, material, services, and equipment pursuant to the written contract between Use-Plaintiff and Defendant RAL and DOES 1-25 and at the specific request of RAL and DOES 1-25, in the execution of the work required in the agreement between RAL and the United States.

14.    Use-Plaintiff performed all work required by the above-referenced written agreement, all work required by modifications to the agreement, and all other conditions established by the agreement, except that work and those modifications and conditions that Use-Plaintiff was legally excused from performing.

15.    Use-Plaintiff became entitled to payment in the sum of $640,052.19 in consideration of labor, materials, and services provided under the written agreement and modifications to the agreement. RAL and DOES 1-25 breached the agreement in that they only paid Use-Plaintiff the sum of $352,260.00; but there remains $287,792.19 due and owing to Use-Plaintiff for the value of labor, services,

COMPLAINT FOR DAMAGES

materials, equipment, and supplies provided to the PROJECT at the direction of RAL.

16.    Use-Plaintiff last furnished labor, material, services, and equipment to the PROJET within the year immediately preceding the date this Complaint was filed.

17.    A period of 90 days has now elapsed since Use-Plaintiff last provided labor, materials, services, and equipment to RAL and DOES 1-25. Use-Plaintiff had a direct contractual relationship with RAL and DOES 1-25 by virtue of the subcontractor agreement. Therefore, Use-Plaintiff was not required to provide a 90-day notice pursuant to 40 U.S.C. § 3133. However, on March 15, 2024, within 90 days from the date on which Use-Plaintiff last provided said labor, material, services, and equipment to the PROJECT, Use-Plaintiff gave written notice, in the manner required by law, to Defendant RAL that Use-Plaintiff had supplied said material in the prosecution of the work, was owed money, and demanded payment from Defendant RAL and DOES 1-25. A copy of said notice is attached hereto as Exhibit "B" and incorporated herein by this reference.

18.    Thus, Defendant RAL and Does 1-25 have breached the terms of the subcontract with Use-Plaintiff by failing to make payment in full to Use-Plaintiff for its work, despite the demand that they do so. To date, Use-Plaintiff has incurred damages in amount according to proof in the sum of at least $287,792.19, plus interest, attorney's fees, and costs.

## **SECOND CAUSE OF ACTION**

**(Recovery Under Miller Act Payment Bond against RAL**

**and DOES 1-25, and HANOVER and DOES 26-50)**

19.    Use-Plaintiff herein incorporates by reference paragraphs 1 through 18 of the Complaint.

_____

COMPLAINT FOR DAMAGES

20.    Under the Payment Bond No. 1975474 executed between Defendant RAL and DOES 1-25 and Defendant HANOVER and DOES 26-50, said Defendants are jointly and severally obligated to provide payment to Use-Plaintiff for work performed on the PROJECT. Accordingly, on the failure of Defendant RAL and DOES 1-25 to compensate Use-Plaintiff for work performed, Defendant HANOVER and DOES 26-50 are obligated to pay Use-Plaintiff the amount set forth above.

21.    Use-Plaintiff is within the class of persons entitled to make a claim on the Miller Act Bond No. 1975474 as it provided labor, materials, services, and equipment to the PROJECT under a direct agreement with Defendant RAL and DOES 1-25 within the past one year and has complied with all other requirements requisite to asserting a payment bond claim. Use-Plaintiff made a demand to Defendant HANOVER and DOES 26-50 but to date, they have failed and refused to make payments on the Bond.

22.    Use-Plaintiff is entitled to a payment from Defendant HANOVER and DOES 26-50 in an amount according to proof in the sum of at least $287,792.19 pursuant to the Miller Act, 40 U.S.C. § 3133.

## **THIRD CAUSE OF ACTION**

### **(Quantum Meruit against RAL and DOES 1-25)**

23.    Use-Plaintiff herein incorporates by reference paragraphs 1 through 22 of the Complaint.

24.    Within the last three years, Use-Plaintiff rendered work, labor, services, and equipment to Defendant RAL and DOES 1-25 for which Defendant RAL and DOES 1-25 expressly and impliedly promised to pay Use-Plaintiff the reasonable value of such services.

25.    At all times herein, the above services were and are the reasonable value of $640,052.19, however RAL and DOES 1-25 only paid Use-Plaintiff the sum of $352,260.00; but there remains $287,792.19 due and owing to Use-Plaintiff.

_____

COMPLAINT FOR DAMAGES

26.    Although Use-Plaintiff has demanded said payment from Defendant RAL and DOES 1-25, there remains due, owing, and unpaid from Defendant RAL to Use-Plaintiff an amount according to proof but at least the sum of $287,792.19 plus interest thereon.

WHEREFORE, Plaintiff, UNITED STATES OF AMERICA, for the Use and Benefit of, PGC CONSTRUCTION, INC. prays for judgment as follows:

1.    On the First Cause of Action for Breach of Contract: Judgment against RAL INVESTMENT CORPORATION and DOES 1-25 in an amount according to proof in the sum of at least $287,792.19 with interest thereon from a date as shall be determined at trial, and for attorney's fees as provided for by the subcontractor agreement;

2.    On the Second Cause of Action for Enforcement of Miller Act Payment Bond: Judgment against RAL INVESTMENT CORPORATION, a California corporation dba SILVERSTRAND CONSTRUCTION a division of RAL INVESTMENT CORPORATION also dba SILVERSTRAND SPECIALTIES and DOES 1-25, and THE HANOVER INSURANCE COMPANY and DOES 26-50 in an amount according to proof in the sum of at least $287,792.19 with interest thereon from a date as shall be determined at trial, and for attorney's fees and costs;

3.    On the Third Cause of Action for Quantum Meruit: For Judgment against RAL INVESTMENT CORPORATION, a California corporation dba SILVERSTRAND CONSTRUCTION a division of RAL INVESTMENT CORPORATION also dba SILVERSTRAND SPECIALTIES and DOES 1-25 in an amount according to proof in the sum of at least $287,792.19 with interest thereon from a date as shall be determined at trial;

COMPLAINT FOR DAMAGES

4.    For costs of suit herein incurred; and

5.    For such other and further relief as the Court may deem just and proper.

DATED: August 23, 2024                    Respectfully submitted,

                                          SCHWARTZ SEMERDJIAN CAULEY
                                          SCHENA & BUSH LLP


                                          By:  s/ Kevin T. Cauley
                                          Kevin T. Cauley
                                          Email:  kevin@sscelaw.com
                                          Attorneys for Plaintiff
                                          PGC CONSTRUCTION, INC.

---

8

COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

Pursuant to Civil Local Rule 38.1 Plaintiff, UNITED STATES OF AMERICA, for the Use and Benefit of, PGC CONSTRUCTION, INC., hereby demands a trial by jury.

DATED: August 23, 2024                    Respectfully submitted,

SCHWARTZ SEMERDJIAN
CAULEY & MOOT LLP

By:  s/ Kevin T. Cauley
Kevin T. Cauley
Email:  kevin@sscelaw.com
Attorneys for Plaintiff
PGC CONSTRUCTION, INC.

---

COMPLAINT FOR DAMAGES